**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAFAEL ANGIANO, | No. 08-56577 |
| Petitioner, | 2:06-cv-06518-DOC-PLA |
| v. | MEMORANDUM* |
| A.K. SCRIBNER, Warden | |
| Respondent. | |

On Petition for Review of an Order of the
Central District of California
David O. Carter, District Judge, Presiding

Submitted February 11, 2010**
Pasadena, California

Before: THOMAS and SILVERMAN, Circuit Judges, and BEISTLINE,*** Chief
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

Following a jury trial, Petitioner was found guilty of kidnaping and first degree murder. During the course of the trial, Petitioner's wife was excluded from the courtroom. Petitioner was sentenced to life without the possibility of parole. The conviction was affirmed in full by the California Court of Appeal. The California Supreme Court denied review, as did the United States Supreme Court.

Petitioner filed a federal habeas petition complaining that he was denied his Sixth Amendment right to a public trial because his wife was excluded from the courtroom. The petition was dismissed, and this appeal follows. We have jurisdiction pursuant to 28 U.S.C. § 1294(1) and 28 U.S.C. § 2253, and we affirm.

The Sixth Amendment guarantees a criminal defendant the right to a public trial. However, the United States Supreme Court has recognized that the Sixth Amendment guarantee of a public trial, which was created "for the benefit of the defendant" in that public access could provides assurance of a fair trial, must bend in certain cases to other rights or interests that are essential to the fair administration of justice. *Waller v. Georgia*, 467 U.S. 39, 45-46 (1984). In *Waller*, the United States Supreme Court established a four-part test to apply when a proceeding is closed to the public, to determine whether a defendant's right to a public trial is violated.

This Court is limited by the AEDPA, which bars federal habeas corpus relief on that claim unless the state-court adjudication was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Price v. Vincent*, 538 U.S. 638-39. Under the AEDPA, "clearly established federal law" is the "governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

The Circuits are split as to the applicability of the four-part test in *Waller* to "partial closures," where only one person is excluded from a trial. On federal habeas review, relief is not available based on conflicting interpretations of circuit precedent. *Williams v. Taylor*, 529 U.S. 362, 381 (2000). Accordingly, we cannot conclude that the state court's exclusion of Petitioner's wife was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Presley v. Georgia*, 558 U.S. ---, --- S.Ct. ----, 2010 WL 154813 (Jan. 19, 2010), does not impact our analysis. Although there happened only to be one person observing voir dire, the

state court judge violated clearly established federal law because he did not engage in the proper analysis before closing the courtroom to the public at large.

AFFIRMED.